UNITED STATES of America,

v.

Anthony SOLANO,

United States of America,

v.

Michael MCCARRIN.

Nos. 00–2956, 99–3639.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit LAR
34.1(a) Jan. 16, 2002.

Decided Jan. 29, 2002.

Before SCIRICA, GREENBERG, and BRIGHT,* Circuit Judges.

OPINION OF THE COURT

GREENBERG, Circuit Judge.

These matters come on before this court on appeals from judgments of convictions and sentences in these criminal cases. In particular appellant Anthony Solano was convicted on four counts of violation of the Travel Act, interstate travel to promote commercial bribery, in violation of 18 U.S.C. § 1952, and appellant Michael McCarrin was convicted on nine counts of mail fraud and two counts of money laundering in violation of 18 U.S.C. §§ 1341 an 1957. The district court sentenced Solano

---

* Honorable Myron H. Bright, Senior Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

to a custodial term of 15 months followed by a three-year term of supervised release and sentenced McCarrin to a custodial term of 24 months followed by a two-year term of supervised release. In addition, the court ordered McCarrin to pay $414,028 restitution to Lloyd's of London, the victim's insurer.

On this appeal Solano claims that his convictions should be reversed because application of the Travel Act here constitutes an unconstitutional exercise of commerce clause jurisdiction and because the government failed to present sufficient evidence that he engaged in interstate travel with the specific intent to commit bribery in violation of Pennsylvania law. McCarrin contends that it was possible that he was convicted of mail fraud predicated on impermissible cobbling together of different theories. Moreover, he argues that he might have been convicted on an invalid legal theory, the jury instructions with respect to unanimity were improper, and the court did not make sufficient findings concerning his ability to make restitution.

After a careful review of this matter we are convinced that application of the Travel Act here was well within the constitutional limits set by *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). *See United States v. Galo,* 239 F.3d 572, 575 (3d Cir.2001). Moreover, we are satisfied that there was no error in the theories underlying the mail fraud charges or with respect to the jury instructions concerning them. *See United States v. Yeaman,* 194 F.3d 442, 452–55 (3d Cir. 1999); *United States v. Vinyard,* 266 F.3d 320, 326–30 (4th Cir.2001); *United States v. Haber,* 251 F.3d 881, 887–88 (10th Cir. 2001). Finally, we hold that appellants' other arguments are without merit except for one exception.

■ The exception relates to the order for McCarrin to pay restitution. The parties are in agreement that a court should take a defendant's ability to pay into account in ordering restitution. *See United States v. Copple,* 24 F.3d 535, 549 (3d Cir.1994). Here, however, the district court did not make sufficient findings on this point, and our review of the record suggests that the order for restitution, though merely compensating Lloyd's of London for its loss as the victim's insurer, may have been excessive.

For the foregoing reasons, the judgment of conviction and sentence entered against Solano on October 5, 2000, will be affirmed, and the judgment of conviction and sentence entered against McCarrin on October 24, 2000, will be affirmed except that the provision providing for restitution will be vacated. We will remand the matter to the district court for resentencing of McCarrin insofar as restitution is concerned.

TO THE CLERK:

Please file the foregoing memorandum opinion.